Ninth Circuit Docket No.  24-4489

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## WILLIAM ROBERT HERRERA, et al.,

*Plaintiffs and Appellants,*

v.

## CITY OF PALMDALE, et al.,

*Defendants and Appellees.*

---

On Appeal from the United States District Court
for the Central District of California
Hon. Michael W. Fitzgerald, USDC Case No. CV16-09453-
MWF-MAR

---

## APPELLANTS' OPENING BRIEF

---

Frank A. Weiser, SBN 89780
LAW OFFICES OF FRANK A.
WEISER
3470 Wilshire Blvd., Suite 614
Los Angeles, CA 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-mail: maimons@aol.com

Attorney for Plaintiffs and Appellants WILLIAM ROBERT HERRERA,
MONA MOLINA HERRERA, Individually and on Behalf of their Minor
Child N.P.H., WILLIAM RYAN HERRERA

1

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

<u>TABLE OF AUTHORITIES</u> . . . . . . . . . . . . . . . . . . . . . . 4-7

I.     <u>STATEMENT OF JURISDICTION</u> . . . . . . . . . . . 8

II.    <u>STATEMENT OF ISSUES PRESENTED</u> . . . . .9-10

III.   <u>STATEMENT OF THE CASE</u> . . . . . . . . . . . . . . .10

     A. NATURE OF THE CASE . . . . . . . . . . . . . . . . 10

     B.  APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

     C.  STANDARD OF REVIEW . . . . . . . . . . . . . . 24

IV.   <u>SUMMARY OF THE ARGUMENT</u> . . . . . . . . . . . 25

V.    <u>ARGUMENT</u> . . . . . . . . . . . . . . . . . . . . . . . . . . 32

       A. THE DISTRICT COURT ERRED IN
         GRANTING THE COUNTY
         INDIVIDUAL DEFENDANTS'
         MOTION FOR SUMMARY JUDGMENT . . 32

       B. THE DISTRICT COURT ERRED IN
         GRANTING THE CITY
         INDIVIDUAL DEFENDANTS' MOTION
         FOR SUMMARY JUDGMENT . . . . . . . . . . 35

         1. The First Amendment Claim . . . . . . . . . . . 35

         2. The Procedural Due Process Claim . . . . . 37

2

**3.** The State Case Has No Preclusive Effect on the Federal Claims in this Case in light of the <u>England</u> Reservation . . . . . . . . . . . . . . . . . . . . . . . 40

C. THE DISTRICT COURT ERRED IN GRANTING THE CITY INDIVIDUAL DEFENDANTS' EX-PARTE APPLICATION FOR TERMINATING SANCTIONS ON THE FOURTH AMENDMENT CLAIM . . . . 41

D. THE DISTRICT COURT ERRED IN HOLDING THAT THE APPELLANTS WERE REQUIRED TO FILE A MOTION FOR RELIEF UNDER THE EXCUSABLE STANDARD WITH REGARDS TO THE DISCOVERY SANCTIONS . . . . . . . . . . . . 45

VI.   <u>CONCLUSION</u> . . . . . . . . . . . . . . . . . . . . 47

VII.  <u>STATEMENT OF RELATED CASES</u>. . . 48

VIII. <u>BRIEF FORMAT CERTIFICATION</u> . . . . .49

## TABLE OF AUTHORITIES

**Page**

## CASES

Ahanchian v Xenon Pictures, Inc.,
624 F.3d 1253 (9th Cir. 2010) . . . . . . . . . . . . . . . . . .   42

Armanderiz v Penman,
31 F.3d 860 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . .   37

Armanderiz v Penman,
75 F.3d 860 (9th Cir. 1996) (en banc). . . . . . . . . . . . . .  37, 38

Bantam Books, Inc. v Sullivan,
372 U.S. 58 (1983) . . . . . . . . . . . . . . . . . . . . . . . . .   36

Bateman v U.S. Postal Serv.,
231 F.3d 1220 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . 43, 44

Briones v Riviera Hotel & Casino,
116 F.3d 379 (9th Cir. 1997) ) . . . . . . . . . . . . . . . . . . 43, 44

Connor v City of Santa Ana,
897 F.2d 1487 (9th Cir. 1990) . . . . . . . . . . . . . . . . . .   25

Daniels v Williams,
474 U.S. 327 (1986) . . . . . . . . . . . . . . . . . . . . . . . . .   39

Dawson v Entek Int'l,
630 F.3d 928, 934 (9th Cir. 2011) . . . . . . . . . . . . . . . . .   24

England v Medical Examiners,
375 U.S. 411 (1964) . . . . . . . . . . . . . . . . .   17, 30, 40, 41

Fjeslstad v American Honda Motor Co.,
762 F.2d 1334, 1337 (9th Cir. 1985) . . . . . . . . . . . . . . . 25

Herrera v City of Palmdale,
918 F.3d 1037 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . 17

Leon v IDX Sys. Corp.,
464 F.3d 951  (9th Cir. 2006) . . . . . . . . . . . . . . . . . . .  25

Maner v Dignity Health,
9 F.4th 1114, 1119 (9th Cir. 2021) . . . . . . . . . . . . . . .  24

Matthews v Eldrige,
424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Mendocino Environmental Ctr. v Mendocino County
192 F.3d 1283, 1300 (9th Cir. 1999) . . . . . . . . . . . . . .  36

Nieves v Bartlett,
139 S.Ct. 1715 (2019) . . . . . . . . . . . . . . . . . . . . . . . .  36

Nissan Fire & Marine Insurance Co. v Fritz Cos.,
210 F.3d 1099 (9th Cir. 2000) ) . . . . . . . . . . . . . . . .     24, 25

Patel v Penman,
103 F.3d 868 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . .   38

Pincay v Andrews,
389 F.3d 853, 860 (9th Cir. 2004) (en banc) . . . . . . . . 43, 42

Parratt v Taylor,
451 U.S. 527 (1981) . . . . . . . . . . . . . . . . . . . . . . . . .   39

Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. Partnership,
507 U.S. 380 (1993) . . . . . . . . . . . . . . . . . . . . . . . 43, 44

Rodgers v Watt,
722 F.2d 1257 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . 42

San Remo Hotel, L.P. v City and Cty. of S.F.,
545 U.S. 323  (2005) . . . . . . . . . . . . . . . . . . . . . . 40, 41

San Remo Hotel, L.P. v City and Cty. of S.F.,
364 F.3d 1088 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . 41

Sorrano's Gasco v Morgan,
874 F.2d 1340 (9th Cir. 1989) . . . . . . . . . . . . . . . . 35, 36

United States v Ruiz,
257 F.3d 1030 (9th Cir. 2001) (en banc) . . . . . . . . . . . .   25

Ward v Vill. of Monroeville,
409 U.S. 57 (1972) . . . . . . . . . . . . . . . . . . . . . . .   38

Younger v Harris,
401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . .   19

## **STATUTES**

28 U.S.C. Section 1291 . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. Section 1331 . . . . . . . . . . . . . . . . . . . . . .   8

28 U.S.C. Section 1343(a) . . . . . . . . . . . . . . . . . . . . .   8

42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . 8, 10, 18, 25, 27

California Code of Civil Procedure Section 1822.50 . . . . . . 12

Federal Rule of Civil Procedure 6 . . . . . . . . . . . . . . . .   31, 29

Federal Rule of Civil Procedure 6(b)(1). . . . . . . . . . . . . .   46

Federal Rule of Civil Procedure 6(b)(1)(A). . .30, 31, 41, 45, 46

Federal Rule of Civil Procedure 6(b)(1)(B). . . . . 30, 42, 46, 47

Federal Rule of Civil Procedure 26(b)(1). . . . . . . . . . . . . .   33

Federal Rule of Civil Procedure 36   . . . . . . . . . . . . . . . . 34

Federal Rule of Civil Procedure 36(a). . . . . . . . . . . . . . . . 26

Federal Rule of Civil Procedure 36(a)(1). . . . . . . . . . . .  33, 34

Federal Rule of Civil Procedure 36(b). . . . . . . . . . . . . . . . 31

Federal Rule of Civil Procedure 36(d). . . . . . . . . . . . . . . . 26

Federal Rule of Civil Procedure 37 . . . . . . . . . . . . . . . .   31, 45

Federal Rule of Civil Procedure 37(b)(2)(A)(v) . . . . . . . . .   22

Federal Rule of Civil Procedure 60(b) . . . . . . . . . . . . . 43, 44

## UNITED STATES CONSTITUTION

First Amendment . . . . . . . . . . . . . . 27, 28, 30, 35, 36, 37, 41

Fourth Amendment . . . . . . . . . . . . . . . . . . . . . .  9, 19, 22, 41

Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . .  40

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . 30, 39

# I.

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction pursuant to 42 U.S.C. Sections 1983 and 28 U.S.C. Sections 1331 and 1343(a). A final Judgment ("Judgment") in favor of the Defendants and Appellees CITY OF PALMDALE and CITY OF PALMDALE Individual Defendants (collectively "City Appellees," or "City" and "City Individual Defendants") and the Defendants and Appellees COUNTY OF LOS ANGELES and COUNTY OF LOS ANGELES Individual Defendants (collectively "County Appellees," or "County" and "County Individual Defendants") on all of the federal claims brought under 42 U.S.C. Section 1983 was filed on July 18, 2024. (1-ER-2-5, CT: 275). This appeal was filed on July 22, 2024. (10-ER-1946-1948, CT: 276).

Thus, this Court has jurisdiction over the appeal pursuant to 28 U.S.C. Section 1291.

## II.

## <u>STATEMENT OF ISSUES PRESENTED</u>

A. WHETHER THE DISTRICT COURT ERRED IN GRANTING THE COUNTY INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE APPELLANTS' FEDERAL CIVIL RIGHTS CLAIMS?

B. WHETHER THE DISTRICT COURT ERRED IN GRANTING THE CITY AND CITY INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE APPELLANTS' FEDERAL CIVIL RIGHTS CLAIMS?

C. WHETHER THE DISTRICT COURT ERRED IN GRANTING THE CITY AND CITY INDIVIDUAL DEFENDANTS' EX-PARTE APPLICATION FOR TERMINATING SANCTIONS AS TO THE APPELLANTS' REMAINING FOURTH AMENDMENT

FEDERAL CIVIL RIGHTS CLAIMS AND DENYING
APPELLANTS' EX-PARTE APPLICATION TO EXTEND
PART OF THE SCHEDULING ORDER'S DISCOVERY
DEADLINES?

D. WHETHER THE DISTRICT COURT ERRED IN
THE STANDARD OF REVIEW FOR THE IMPOSITION
OF DISCOVERY SANCTIONS?

### III.

### STATEMENT OF THE CASE

### A.        NATURE OF THE CASE

Plaintiffs and Appellants WILLIAM ROBERT
HERRERA, MONA MOLINA HERRERA, Individually and on
Behalf of their Minor Child N.P.H., WILLIAM RYAN
HERRERA (collectively "Appellants," or individually "WRH,"
"MH," "WH") appeal the Judgment in favor of the City
Appellees and County and the imposition of discovery
sanctions. This case arises under the federal Civil Rights Act,
42 U.S.C. Section 1983.

10

WRH and MH, who are husband and wife, were the operators of a 48 unit motel in Palmdale, CA, and resided at the motel with their ten year old daughter ("NH") and WR. (8-ER-1571:14-22 ; CR:196-2).

WRH and MH purchased the motel on June 25, 2016, and they invested substantial funds to upgrade the motel as a Motel 6. (8-ER-1573: 13-16, 1574:1-7; CR:196-2).

The City is replete with a serious homeless issue and the motel residents who lived at the motel primarily consisted of minority low income individuals on federal and state governmental assistance who could not find or afford alternative housing because of their economic status. (8-ER-1574:8-16; CR:196-2).

Prior to purchasing the motel, WRH and MH were operating the motel and in early 2016, WRH met with City and County Sheriff officials, including the City Manager who became the Mayor, Steve Hofbauer ("SH"), to inform him of his plans to rehabilitate the motel and to address the alleged

11

high volume of calls for service, but SH informed WRH that
.
the City intended to close the motel. (8-ER-1583:1-17; CR:196-2).

Prior to purchasing the motel, while WRH and MH were operating the motel, various deputy County Sheriffs would consistently come onto the mote, with consent or a warrant, patrol the motel on an almost hourly basis, stop and search motel guests, block ingress and egress to the motel, and demanded to inspect motel registration records which WRH and MH refused to which the Deputy Sheriffs responded that they would not assist the motel's service calls. (8-ER-1582:1-28; CR:196-2).

On November 12, 2016, a City official, Sara Shreves ("SS") and a County Deputy Sheriff Brandon, came onto the motel, without consent or a warrant, and demanded that WRH produce for inspection at that time the motel registration cards, but WRH refused. (8-ER-1584:8-15; CR:196-2).

12

Subsequently on November 17, 2016, the City obtained a civil inspection warrant pursuant to <u>California Code of Civil Procedure</u> 1822.50, et seq., to inspect the motel for alleged violations of the City municipal code ("PMC"), the California Building Standards Code ("CBSC"), the California Health and Safety Code ("HSC") and other laws applicable to the motel. (8-ER-1574:21-26; CR:196-2). The warrant did not authorize to specifically inspect the Appellants' residence which was not the subject of the warrant. (8-ER-1574:27-28; CR:196-2). Prior to obtaining the warrant, the City had never requested an inspection of the motel from WRH and MH while they were operating it, leading them to believe that there were no code enforcement issues. (8-ER-1574:1-7; CR:196-2).

On November 21, 2016, the City, City Individual Defendants, County and County Individual Defendants Executed the warrant and entered the motel without prior notice. (8-ER-1575:1-3; CR:196-2). In doing so, the City, City Individual Defendants, County and County Individual

13

Defendants entered the Appellants' personal residence with the County Individual Defendants, and specifically Deputy Sheriffs Sorrow, Diaz, and Myles, having their guns out of their holsters, and seized and held WRH, taking him out of the shower, and NH and WH at the residence for over at gunpoint while the other defendants searched the residence and attempted to bust open WRH and MH's personal safe and searched the motel's cash register. (8-ER-1575:4-112, 1584:14-28; CT:196-2).

During the course of the lower court proceedings in opposition to the City and City Individual Defendants motion for summary judgment, WRH declared and produced a picture of Deputy Sheriff Myles and outside contract City Attorney Matthew Silver standing over him with Myles holding a baseball bat over WRH's head, while WRH is sitting at a computer, claiming that they were coercing him at the time of the November 21, 2016 inspection to allow access to the motel computer's records. (8-ER-443:19-28, 458; CT: 223).

15

During the course of the inspection on November 21, 2016, numerous deputy sheriffs entered the motel residents rooms and tore apart bedding, switch plates, and knocked holes in the walls of the vacant rooms. (8-ER-1585:3-4). On November 23, 2016, WRH went to the City to inquire about the inspection and claimed code violations, and was told by City officials that they were instructed by senior code enforcement officer Bud Davis ("BD") not to issue any permits for work at the motel. (8-ER-1585:14-20; CT:196-2).

On December 13, 2016, the City and BD, SS, and Deputy Sheriffs, came onto the motel without prior notice, consent or a warrant and posted on all the motel units a Notice and Order to Repair and Abate over 400 claimed PMC and HSC violations along with posting a Notice to Vacate by December 15, 2016. (8-ER-1577:3-13; CT:196-2).

On December 15, 2016, the City and BD, and Deputy Sheriffs, came onto the motel without prior notice, consent or a warrant and closed the motel and evicted the motel

16

residents. (8-ER-1577:22-27, 458; CT: 196-2).

Subsequent to the closure of the motel, the Appellants requested a City evidentiary hearing regarding the closure which the City refused. (3-ER-446:11-19, 7-ER-1160-1190; CT:223).

The Appellants declared in opposition to the motion of summary judgment by the City and City Individual Defendants the same above stated facts that were alleged in the Second Amended Complaint. (3-ER-436-519; CT:223).

The City filed a nuisance abatement and receivership suit against WRH and his LLC that held the City business license ("State Case"). (8-ER-1578:27-28, 1579:1-2).

In the State Case, WRH and his LLC filed a reservation of federal claims for federal court litigation pursuant to England v Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964) and did not expose or litigate such claims before the state court. (3-ER-352:1-2, 414-416; 7-ER-1281-1318; CT:224).

17

On December 21, 2016, the Appellants filed this action against the City, City Individual Defendants, County, and County Individual Defendants pursuant to 42 U.S.C. Section 1983. (10-ER-1957; CT: 1). On March 9, 2017, the City filed a motion to dismiss the complaint. (10-ER-1960; CT: 44). On March 27, 2017, the Appellants filed a First Amended Complaint ("FAC") and the district court denied the City's motion to dismiss as moot. (10-ER-1962; CT: 44).

On April 13, 2017, the City and County filed motions to dismiss the FAC, or in the alternative abstain given the pending State Case, which the Appellants opposed. (10-ER-1962; CT: 76, 79, 82, 83). On May 16, 2017, the district court granted the City and County's motions and dismissed the FAC's request for injunctive and declaratory relief, and stayed the monetary damages claims pending Appellants exhaustion of their state remedies, including appellate remedies. (10-ER-1963; CT: 87).

On May 25, 2017, the Appellants filed a Notice of

18

Appeal of the district court's May 16, 2017 order to the Ninth Circuit. (10-ER-1963; CT: 88).

On March 20, 2019, the Ninth Circuit filed a published opinion affirming in part and reversing and remanding in part the district court's May 16, 2017 order, holding that the Appellants' Fourth Amendment claims were not subject to Younger abstention (Younger v Harris, 401 U.S. 37 (1971)). (9-ER-1864-1886 and see 1884-1885; CT: 106). See Herrera v City of Palmdale, 918 F.3d 1037 (9th Cir. 2019).

On remand to the district court, the City and County filed motions to dismiss the FAC with respect to the Fourth Amendment claims which the Appellants opposed. (10-ER-1966; CT: 118, 121, 124).

On July 6, 2020, the district denied the City and County's motions to dismiss the FAC with respect to the Fourth Amendment claims as to the Appellants' detainment and eviction claims, and otherwise granted leave to amend. (9-ER-1829-1850; CT: 129). On July 21, 2020, the Appellants

19

filed a Second Amended Complaint ("SAC") (9-ER-1805-1826;CT: 130).

On August 10, 2020, the City and County filed motions to dismiss the SAC, which the Appellants' opposed. (10-ER-1967-1968; CT: 133, 136, 137, 138, 139, 141, 142).

On October 8, 2020, the district court denied the City and County's motions with regards to the <u>Monell</u> claims, and Granted the County's motion with regards to the <u>Monell</u> claim, and gave the Appellants leave to amend and file a Third Amended Complaint ("TAC"). (9-ER-1787-1803; CT: 149).

The Appellants did not file a TAC, and the City and City Individual Defendants and County Individual Defendants filed Answers to the SAC. (9-ER-1623-1650, 1653-1735, 1766-1784; CT: 152, 163, 165, 167, 169).

On July 15, 2022. The City filed a motion to compel discovery which the Appellants opposed. (10-ER-1973; CT: 177-178). On August 8, 2022, the Magistrate Judge granted the City's motion and Appellants' filed a motion objecting and

requesting a hearing before the district court judge. (1-ER- 64-67; 10-ER-1973; CT: 180-181). On October 4, 2022, the district court denied the motion. (1-ER-55-63; CT:190).

On September 18, 2023, the County Individual Defendants filed a motion for summary judgment as to the SAC. (8-ER-1551-1567; CT:196-197). The sole evidence that was produced by the County Individual Defendants were requests for admissions ("RFAS") that were propounded by the County on August 19, 2022 that were propounded to WRH and MH only and were not responded to by WRH and MH. (8-ER-1565:20-28, 1566:1-9; 1592-1610;CT:196).

The RFAS were propounded by the County after it had been dismissed from the case on October 8, 2020. (9-ER-1787-1803; CT: 149).

On November 13, 2023, the City and City Individual Defendants filed a motion for summary judgment as to the SAC. (5-ER-703-910,6-ER-912-1136,7-ER-1138-1318; CT:212, 213, 215, 216, 216-1-216-23).

21

The Appellants filed a written opposition to the City and City Individual Defendants' motion for summary judgment. (3-ER-315-519).

On January 10, 2024, the district court granted the County Individual Defendants' motion for summary judgment and on January 12, 2024 granted the City and City Individual Defendants' motion for summary judgment as to all the claims except the Fourth Amendment claims. (1-ER-15-54; CT: 243-244).

On April 28, 2024, the Appellants filed an ex-parte application to continue the date to produce undisclosed evidence and complete depositions from April 29, 2024 to May 30, 2024 based on and a family medical problems and given his wife's emergency hospitalization. (2-ER-267-298; CT:260).

On April 29, 2024, the City Individual Defendants filed an ex-parte application for terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) which the Appellants opposed. (2-ER-69-180, 181-266; CT:261, 266,

272).

On April 30, 2024, the district court denied the Appellants ex-parte application and on July 16, 2024 granted the City Individual Defendants ex-parte application for terminating sanctions. (1-ER-6-14; CT: 274).

On July 18, 2024, the district court entered the Judgment in favor of all City, the City Individual Defendants, the County, and County Individual Defendants. (1-ER-2-5).

On July 22, 2024, the Appellants filed their Notice of Appeal. (10-ER-1946-1948; CT:276).

## B.    APPEAL

On July 18, 2024, the district court entered the Judgment in favor of all City, the City Individual Defendants, the County, and County Individual Defendants. (1-ER-2-5).

On July 22, 2024, the Appellants filed their Notice of Appeal. (10-ER-1946-1948; CT:276). Thus, this is an appeal by right.

23

## C. STANDARD OF REVIEW

"This court reviews a district court's grant of summary judgment **de novo**." Dawson v Entek Int'l, 630 F.3d 928, 934 (9th Cir. 2011). In reviewing a district court's grant of summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Id. "Summary judgment is warranted when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Maner v Dignity Health, 9 F.4th 1114, 1119 (9th Cir. 2021).

A moving party without the ultimate burden of persuasion at trial – usually, but not always, a defendant – has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Insurance Co. v Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citations and quotation marks omitted). "If a moving party fails to carry its initial

burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." Id., Nissan Fire, 210 F.3d at 1102-03.

A district court's imposition of sanctions is reviewed for an abuse of discretion. Leon v IDX Sys. Corp., 464 F.3d 951, 957-58 (9th Cir. 2006). Whether the district court applied the correct legal standards in imposing sanctions is reviewed de novo. Fjeslstad v American Honda Motor Co., 762 f.2d 1334, 1337 (9th Cir. 1985). An "[a]pplication of the wrong legal standard" by the district court automatically "constitutes an abuse of discretion." United States v Ruiz, 257 f.3d 1030, 1033 (9th Cir. 2001) (en banc).

## IV.

## **SUMMARY OF THE ARGUMENT**

The district court erred in granting the County Individual Defendants motion for summary judgment on the federal civil rights complaint under 42 U.S.C. Section 1983.

25

The sole basis produced in support of the motion were requests for admissions ("RFAS") propounded by the County to WRH and MH, more than two years after the County had been dismissed from the case.

As the County was no longer a party to the case, the RFAS had no legal effect pursuant to <u>Federal Rule of Civil Procedure</u> Rule 36(a), which plainly states that such effect is predicated on service of RFAS between parties to a pending case. The County was no longer a party to a pending case at the time the RFAS were served. The district court's ruling giving binding effect to the RFAS was not only contrary to the plain language of Rule 36(a) but nullifies the underlying purpose of Rule 36(d) which allows withdrawal and amendment of RFAS to hear a case on the merits and the further purpose of justifiable reliance by a propounding party to a pending action in preparation for trial.

The district court erred in granting the City and City

26

Individual Defendants motion for summary judgment on

on the federal civil rights complaint under 42 U.S.C. Section

1983.

  The First Amendment claim cannot be decided as a

matter of law. Prior to the City and City Individual

Defendants on November 21, 2016, the Appellants over a

period of six months prior, and as late as November 12, 2016,

refused multiple attempts by the City and City Individual

Defendants to inspect motel registration records. WRH also

met during this time with City officials, including the City

Manager, to address and attempt to resolve any concerns by

the City as to alleged service calls from the motel and his

plan for remodeling of the motel. These efforts by WRH were

rejected by the City with the City Manager stating to him

that the City intended to close the motel. The manner and

scope of the City and City Individual Defendants in inspecting

the motel which held WRH and his children at gunpoint while

their personal residence was inspected, including attempting

27

access to the motel computer and the personal safe raises an issue that the inspection was retaliatory in violation of Plaintiff WRH and MH's petitioning activity protected under the First Amendment Petition and Grievances Clause.

There is also a triable issue as to the Plaintiffs' procedural due process claim. The Appellants were not provided an administrative evidentiary due process hearing before the closure of the motel on December 15, 2016, more than three weeks after the November 21, 2016 inspection. The emergency exception allowing a summary closure without a pre-deprivation hearing does not apply given the lapse of time between the inspection and closure of the motel. Further, even if a post-deprivation hearing would satisfy the due process requirements, there was no such hearing provided in this case. A biased administrative hearing cannot be cured by a subsequent state court proceeding even where the proceeding allows for de novo review. The City and City Individual Defendants actions preceding the November 21, 2016

28

inspection including statements by City officials that they intended to close the motel, and the manner and scope of the inspection raises triable issues that post-deprivation due process requirements were violated. On December 15, 2016, Appellants requested a hearing in writing multiple times but the City refused, and then when the City agreed to meet it was not to allow a reviewable evidentiary hearing as to the legal propriety of the summary closure but rather to discuss whether Appellants had complied with corrections of the alleged code violations.

Further, the closure of the motel was not the result of a random and unauthorized act by a city employee but a concerted and systematic effort by the City and City Individual Defendants to close the motel, and in such a case, post-deprivation state remedies do not satisfy due process.

The district court also erred in giving preclusive effect to the City's State Case even if it was only issue and not claim preclusion. It is undisputed that WRH made an

29

England reservation in the beginning of the State Case and did not litigate or expose his federal constitutional claims in the case. The state court in rendering judgment in favor of the City did not adjudicate or decide any federal constitutional or issues relevant or intertwined with such claims, and in specific with issues relevant to the First Amendment retaliation and Fourteenth Amendment Due Process Clause claim. In such a case, the England reservation shields the federal constitutional claims from normal preclusion rules.

The district court erred in granting the City Individual Defendants' ex-parte application for terminating sanctions and in denying the Appellants' ex-parte application to extend part of its discovery scheduling order.

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court had the power to extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect. Rule 6 is liberally construed to effectuate

30

the general purpose of seeing that cases are tried on the merits.

Appellants' ex-parte application was made before the expiration of the scheduling orders deadlines and "good cause" under Rule 6 must be applied consistently with the application of Rule 37. Appellants' counsel's wife was extremely ill and was hospitalized on an emergency basis one day before the ex-parte application was filed. Such a medical emergency cannot be excluded from a determination of "good cause" in applying Rule 37.

Appellants' counsel in making the ex-parte application and opposing the application terminating sanctions, produced evidence that another district court had accepted, at the same time that this application was filed by the Appellants, family medical issues to sua sponte amend a previous scheduling order. This was consistent with Rules 6 and 37 read together in a consistent manner.

Nor should Rule 37 exclude circumstances that would be justified under the "excusable neglect" standard under Rule 6 in order to read the rules consistently.

The district court should not have imposed terminating sanctions in these circumstances.

Further, the district court erred with regard to the Appellants' motion objecting to the Magistrate Judge's imposition of discovery sanctions. Rule 6 does not require a formal motion as Rule 6(b)(1)(A) allows a court to extend time

31

"with or without a motion or notice if a court acts, or if a request is made . . . " The terms "motion" and "request are not necessarily identical or co-extensive. A "request" for relief is broader procedurally and should encompass an opposition to a motion for sanctions.

## V.

## ARGUMENT

### A. THE DISTRICT COURT ERRED IN GRANTING THE COUNTY INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The sole evidence that was produced by the County Individual Defendants in support of their motion for summary judgment were the RFAS that were propounded by the County on August 19, 2022 that were propounded to WRH and MH only and were not responded to by WRH and MH. (8-ER-1565:20-28, 1566:1-9; 1592-1610;CT:196).

The RFAS were propounded by the County after it had been dismissed from the case on October 8, 2020. (9-ER-1787-1803; CT: 149).

32

Federal Rule of Civil Procedure Rule 36(a)(1) that only "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within its scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

The County was no longer a party to this "pending action" when it propounded the RFAS, having been dismissed from the case more than two years earlier. The plain language of Rule 36 makes clear that the RFAS could have no legal effect. Nor did the County have the power to "serve" the RFAS, as required under Rule 36(a)(1), on behalf of the County Individual Defendants as it was no longer a party to the action.

The Notes of the Advisory Committee on Rules that Rule 36 (b) regarding the withdrawal or amendment of an admission "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each

33

party that justified reliance on an admission in preparation for trial will not operate to his prejudice." The Notes also state that "[t]he new provisions give an admission a conclusively of the pending action, unless the admission is withdrawn or amended."

The RFAS propounded by the County could not have a "conclusively binding effect" as it was no longer a party to the pending action, and the district court's approval of relying on the RFAS not only nullified the Appellants right to have this case resolved on the merits, but the County no longer a party to the action had no justifiable reliance interests on the RFAS in preparation for trial and would not operate to its prejudice.

Further, the RFAS were propounded to WRH and MH, not their children, and even if the County were still a party when they propounded the RFAS, any conclusively binding effect would be only as to WRH and MH as Rule 36(a)(1) and Rule 36 as a whole creates a "conclusively binding effect"

34

only as to the parties who are served the RFAS.

The district court erred in granting the motion for summary judgment.

**B. THE DISTRICT COURT ERRED IN GRANTING THE CITY INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**1. The First Amendment Claim**

The district court erred in granting summary judgment on the Appellants' First Amendment claims.

It is beyond dispute that Appellants standing on their Fourth Amendment rights to not permit inspections of motel and the motel records prior to the November 21, 2016 inspection is classic petitioning activity protected under the First Amendment's Petition Clause. <u>Id.</u>, <u>Sorrano's Gasco v Morgan,</u> 874 F.2d 1340, 1314 (9th Cir. 1989) ("The right of access to the courts is subsumed under the First Amendment to petition the government for redress of grievances.")

35

(collecting Supreme Court and sister circuit authority for the same).

In Sorrano's Gasco, the timing and nature of the suspension and notice of the permits were considered "suspicious" and raised an issue of retaliation. Id., 874 F.2d at 1316. The same is the case here, as the City's manner and scope of their inspection raises an issue of retaliation. See Bantam Books, Inc. v Sullivan, 372 U.S. 58, 67 (1983) (substance controls over form in determining the governmental conduct); see also Mendocino Environmental Ctr. v Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (First Amendment violated when actions by government "would chill or silence a person of ordinary firmness from future First Amendment activities."), see also Nieves v Bartlett, 139 S.Ct. 1715, 1722 (2019) ("If an official takes adverse action against someone based on that

forbidden motive, and non-retaliatory grounds are in fact insufficient to provoke the adverse consequences, the injured bringing a First Amendment claim.").

The First Amendment claim could not be decided as a matter of law.

### 2. The Procedural Due Process Claim

Closing the motel without a prior hearing places the burden on the government, not on the Appellants, to hold the hearing, as is commonly done in revocation proceedings of permits and licenses, and not doing so violates due process as the administrative burden is slight, and is required to limit the risk of an erroneous deprivation. See Matthews v Eldrige, 424 U.S. 319, 335 (1976); see also Armanderiz v Penman, 31 F.3d 860, 866 (9th Cir. 1994), vacated on other grounds, 75 F.3d 1311, 1326 (9th Cir. 1996) (en banc) (holding that the summary closure of apartment buildings for alleged code violations without holding a prior hearing raised a procedural due process

violation issue); see also <u>Patel v Penman</u>, 103 F.3d 868, 878-879 (9th Cir. 1996).

The uncontroverted evidence is that at the time of the Inspection on November 21, 2016, the City and City Individual Defendants executed an inspection warrant not an abatement warrant and did not close the motel until December 15, 2016, more than three weeks after the inspection. There is a triable issue that the emergency exception requirement to a pre-deprivation hearing (as discussed in <u>Armanderiz)</u> did not exist, thus violating due process.

Nor can the State Case satisfy due process for purposes of a prompt post-deprivation hearing. First, even when the government provides an administrative hearing process that is biased, the availability of a subsequent state court de novo review is not a cure for the biased administrative hearing. See <u>Ward v Vill. of Monroeville</u>, 409 U.S. 57, 61-62 (1972).

Appellants requested a prompt administrative hearing on

December 15, 2016 regarding the summary closure of the motel, and the City initially refused and then only agreed to an informal office meeting where the Appellants could produce evidence of compliance with the alleged code violations, not whether the summary closure was proper. (3-ER-446:11-19, 7-ER-1160-1190; CT:223).

In Parratt v Taylor, 451 U.S. 527 (1981), overruled on other grounds by Daniels v Williams, 474 U.S. 327 (1986), the Supreme Court explained that meaningful post-deprivation remedies will suffice when the deprivation was the "result of a random and unauthorized act by a state employee." Id., at 541.

The summary closure of this motel was not the "result of a random and unauthorized act by a state employee," but systematically done by multiple City Individual Defendants over a period of three weeks and had been predicted prior to the inspection on

November 21, 2016 inspection by the City Manager

SH telling WRH that the City was going to close the

motel. (8-ER-1583:1-17; CR:196-2).

The procedural due process claim cannot be

decided as a matter of law.

### 3. The State Case Has No Preclusive Effect on the Federal Claims in this Case in light of the England reservation

The district court erred in holding that the

England reservation had a preclusive effect on the

issues and claims in this case. (1-ER-26; CT: 244).

In San Remo Hotel, L.P. v City and Cty. of S.F.,

545 U.S. 323, 338 (2005), the plaintiff litigated his

takings claim in the state court under the California

Constitution which the Ninth Circuit had found to be

congruent to the Fifth Amendment, thus in effect

exposing his federal claim in the state court

proceedings and could not rely on the England

reservation. See also <u>San Remo Hotel, L.P. v City and Cty. of S.F.</u>, 364 F.3d 1088, 1096-1098 (9th Cir. 2004).

The Appellants not only made an <u>England</u> reservation at the beginning of the State Case but no issues even remotely related to the First Amendment and Due Process claims were litigated and state court made no such rulings. (3-ER-352:1-2, 414-416; 7-ER-1281-1318; CT:224).

The district court erred in giving preclusive effect to the State Case.

## C. THE DISTRICT COURT ERRED IN GRANTING THE CITY INDIVIDUAL DEFENDANTS' EX-PARTE APPLICATION FOR TERMINATING SANCTIONS ON THE FOURTH AMENDMENT CLAIM

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court had the power to extend the time "with or without motion or notice if the court acts, or if a request is made, before

41

the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect.

This rule, like all the Federal Rules of Civil Procedure "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v Watt, 722 F.2d 1257, 1263 (9th Cir. 1983). See also Federal Rule of Civil Procedure 1 ("[The Federal Rules] should be construed and administered to secure the

just, speedy, and inexpensive determination of every action and proceeding.").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing out of circuit cases for the same proposition and holding that attorney's request for additional time to file an opposition to a motion for summary judgment based on his heavy trial calendar constituted "good cause" for the extension request).

"Excusable Neglect" under Rule 6(b)(1)(B) is also broadly and liberally applied by the Ninth Circuit.

To determine whether a party's failure to meet a deadline constitutes "excusable neglect", a district court must engage in a four-factor equitable test, which Includes analyzing: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

42

proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993); Briones v Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); Bateman v U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000); Pincay v Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (clarifying that in application of the test a district may not apply per se rules).

In Bateman, Bateman's counsel had left the country before filing an opposition to a motion for summary judgment, and the deadline passed while he was traveling abroad. Id., at 1223. Bateman's counsel also failed to file any motions for extensions of time, and failed to contact the district court for sixteen days after he returned because
of "jet lag and the time it took to sort the mail." Id., at 1223.

Bateman moved to set aside the summary judgment pursuant to Rule 60(b). Id., at 1223. The district court denied the motion after only considering the facts concerning the reasons for the delay. Id., at 1224. The Ninth Circuit reversed and remanded the case to the district court with instructions to grant the motion "because the equities in this case weigh in favor of Bateman . . ." Id., at 1225.

In doing so, the Ninth Circuit emphasized Pioneer's "statement that "excusable neglect includes cases of

negligence . . .￼ Id., at 1224. In reversing, the Ninth Circuit held that although Bateman's reasons for the delay was weak, "[t]he length of delay, and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

The Ninth Circuit rejected that a two week delay in responding to the motion was sufficient to justify denial of relief. Id., at 1225. (citing out of circuit authority that "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

As demonstrated by Bateman, prejudice is not presumed, and the reasons here for the request, unlike Bateman, are especially strong.

In Pincay, the defendants who had filed their notice of appeal 24 days late, argued that the late filing was a result of a calendaring error caused by the attorneys and paralegals misapplying a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit rejected the plaintiffs' argument that the district court had abused its discretion in ruling for the defendants. The Ninth Circuit concluded that even though the calendaring error was not a "compelling excuse," because of the nature of the Pioneer/Briones balancing test any "rigid legal rule against late filings attributable to any particular type of negligence." Id., at 860.

Plaintiffs' counsel's family medical issues are unfortunately real and ongoing. It is an understatement that his

44

wife's acute medical episodes on April 13th and April 27-May 1, 2024 were frightening and totally unpredictable. To see one's spouse on the floor of his home barely speaking, not even knowing at the time what was happening, and then have her undergo the emergency admission to Cedars several weeks later under the circumstances described should be good cause or excusable neglect to prevent dismissal of a case. (2-ER-267-298; CT:260).

The district court should not have so rigidly applied Rule 37 under these circumstances and should have granted an amendment of its scheduling order, as Judge Selna did sua sponte at the same time in another case that counsel was litigating, and should not have granted the City Individual Defendants' ex-parte application. (2-ER-297-298; CT:260).

Rule 6 and Rule 37 must be read consistently.

### D. THE DISTRICT COURT ERRED IN HOLDING THAT THE APPELLANTS WERE REQUIRED TO FILE A MOTION FOR RELIEF UNDER THE EXCUSABLE STANDARD WITH REGARDS TO THE DISCOVERY SANCTIONS

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court had the power to extend the time "with or without

45

motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect.

Rule 6(b)(1)(A) and (B) are different only as to the standards applied. Under Rule 6(b)(1)(A), if the request is made before the original time or its extension expires, the standard is "good cause" whereas if the request is made after the original time or its extension expires, the standard is "excusable neglect."

But in either case, Rule 6(b)(1) clearly states that the district court's power to extend the time can be made "with or without motion or notice if the court acts, or if a request is made . . ." The distinction between the terms "motion" and "request" contradicts the district court's holding that the rule requires a formal motion as a request can be made in opposition to a motion to compel discovery. (1-ER- 59-60; CT: 181).

Further, in this case, the Appellants' did file a motion objecting to the Magistrate Judge's ruling arguing "excusable neglect". (1-ER- 59; CT: 181).

By doing so, even under the analysis of the district court, they satisfied the procedural requirement under Rule

46

6(b)(1)(B).

## VI.

## **CONCLUSION**

For all the foregoing reasons, the Appellant respectfully requests that the Judgment be reversed, including the motions for summary judgment and order for discovery sanctions, and the case remanded to the district court for trial.

DATE: December 13, 2024        Respectfully submitted,


                                        LAW OFFICES OF FRANK A. WEISER

                                        By: /s/ Frank A. Weiser

                                        _____
                                        FRANK A. WEISER, Attorney for Plaintiffs and Appellants WILLIAM ROBERT HERRERA, MONA MOLINA HERRERA, Individually and on Behalf of their Minor Child N.P.H., WILLIAM RYAN HERRERA

47

## VII.

## **STATEMENT OF RELATED CASES**

Appellants and their counsel of record certify that there is a related case pending in this Court within the meaning of the Rules of the United States Court of Appeals for the Ninth Circuit. The case is entitled Priscilla Huerta, et al. v City of Palmdale, et al., Ninth Circuit Docket No.

Dated: December 13, 2024          /s/ Frank A. Weiser

_____

FRANK A. WEISER

# VIII.

## <u>BRIEF FORMAT CERTIFICATION</u>

Pursuant to the Ninth Circuit Rules, I certify that I typed the attached Appellant's Opening Brief, which is monospaced, has 10.0 characters per inch and does not exceed 50 pages in length, and consists of not more than 14,000 words, excluding the table of contents and table of authorities, as counted.

Dated: December 13, 2024      /s/ Frank A. Weiser

_____

FRANK A. WEISER

49