**Case No. 24-4489**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM ROBERT HERRERA, et al.
*Plaintiffs and Appellants*

vs.

CITY OF PALMDALE, et al.
*Defendants and Appellees*

On Appeal from The United States District Court for the Central District of California, Honorable Michael W. Fitzgerald, Presiding

District Court Case No. CV-16-09453-MWF-FFM

**COUNTY DEFENDANTS-APPELLEES' RESPONDING BRIEF**

**SEKI, NISHIMURA, & WATASE, PLC**
GILBERT N. NISHIMURA- SBN 57905
JANET L. KEUPER – SBN 128417
600 WILSHIRE BOULEVARD, STE. 1250
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 481-2869
FACSIMILE: (213) 481-2871
JKEUPER@SNW-LAW.COM
*Attorneys for County Defendants - Appellees*

# **TABLE OF CONTENTS**

PAGE

I. STATEMENT OF ISSUES PRESENTED……………………. 5

II. STATEMENT OF THE CASE………………………………….. 5

III. SUMMARY OF ARGUMENT………………………………….. 7

IV. ARGUMENT……………………………………………………. 8

    A. THE DISTRICT COURT PROPERLY GRANTED COUNTY DEFENDANTS' MOTION AND THE JUDGMENT SHOULD BE AFFIRMED…………….. 9

        1. There was No Timely Response to the Requests.. 9
        2. Service of the Requests was Proper on Behalf of County Defendants……………………………. 14

V. CONCLUSION…………………………………………………….. 16

STATEMENT OF RELATED CASES………………………………… 18

CERTIFICATION OF COMPLIANCE……………………………….. 19

# **TABLE OF AUTHORITIES**

CASES                                                                                           PAGE

*999 v. C.I.T. Corp.,* 776 F.2d 866, 869–70 (9th Cir.1985)…………… 13

*Am. Gen. Life and Accident Ins. Co. v. Findley*, 2013 WL 1120662,
at *3 (C.D.Cal. March 15, 2013)………………………………….. 13

*Bingham v. Marriott Int'l, Inc.*, No. CV 21-00836-JLS (JDEx),
2022 WL 886116, at *3 (C.D. Cal. Feb. 17, 2022)………………….. 15

*Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.2007)…………. 13

*Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)……………… 15

*Gee v. Gallardo*, 2020 WL 2083018, at *2 (C.D. Cal. Mar. 5, 2020).. 15

*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*,
2007 WL 1112525, at *4 (D. Kan. Apr. 11, 2007)…………………… 16

*Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 837
(9th Cir. 2021)…………………………………………………….. 12

*In re Capital One Bank Credit Card Interest Rate Litig.*,
286 F.R.D. 676, 679 (N.D. Ga. 2012)……………………………….. 15

*O'Campo v. Hardisty,* 262 F.2d 621, 624–25 (9th Cir. 1958)..……… 13

*Pacific Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7
(9th Cir. 2016)…………………………………………………….. 14

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473
(9th Cir. 1992)…………………………………………………….. 15

*Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 669-70
(C.D. Cal. 1998)…………………………………………………… 15

*SkyHawke Techs., LLC v. Deca Int'l Corp.*, 2019 WL 1976473,
at *2 n.2 (C.D. Cal. Mar. 21, 2019)………………………………….. 15

*Warren v. Cybulski,* 556 B.R. 429, 435 (N.D. Cal. 2016)…………….. 13

*Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 837 (9th Cir. 2021).. 12

*West v. Atkins,* 487 U.S. 42, 48 (1988)….…………………………….. 8

FEDERAL STATUTES

Federal Tort Claims Act (FTCA)…………………………………….  12

42 U.S.C. § 1983…………………………………………………….  8

FEDERAL RULES

*Federal Rules of Civil Procedure* Rule 36……………………………  9,12,13
    36(a)……………………………………………………………  12,13,14

## I. STATEMENT OF ISSUES PRESENTED

The sole issue presented by Appellants/Herreras ("Herreras") as to the Appellees/County Individual Defendants ("County Defendants") is whether the District Court erred in granting the County Defendants' Motion for Summary Judgment. The Herreras do not appeal the denial by the District Court of their *ex parte* seeking relief from the Admissions. Further, the Herreras do not appeal the Judgment entered as to the County of Los Angeles.

## II. STATEMENT OF THE CASE

Appellants/Herreras brought suit against the City of Palmdale ("City") and various City of Palmdale employees, as well as several County of Los Angeles Defendants ("County Defendants"), arising from execution of an inspection warrant obtained by City at the Motel 6 in the City of Palmdale, owned by Herreras. Deputy Charles Dana, Deputy Brandon Jacobs, Deputy Gustavo Munoz, Deputy Richard Leon, Deputy Frank Arciodiancono, Deputy John Gallagher, Deputy Scott Sorrow, Deputy Deshaun Miles, Deputy Steve Diaz and Deputy Wyatt Waldron (collectively hereinafter "County Defendants"),were sued in their capacity as deputy sheriffs acting in the course and scope of their employment with the County of Los Angeles.

Herreras alleged in their complaint that a civil inspection warrant was obtained by the City of Palmdale, and that in November and December 2016, the City took enforcement actions pertaining to the warrant. Specifically, on November 17, 2016, the City sought and obtained an Inspection Warrant in the Los Angeles Superior Court to investigate the extent of both State and local law violations at the Motel 6 in Palmdale owned by the Herreras.

The Inspection Warrant was executed on November 21, 2016. During the inspection, the City inspectors identified multiple violations of State and local laws

at the property. County Defendants were present on the property to "keep the peace."

Following the inspection of November 21, 2016, the City issued a Notice to Vacate the property by December 15, 2016. On December 15, 2016, City came on to the property and closed the motel and evicted the tenants.

None of the County Defendants were involved in obtaining the inspection warrant or the decision to close the motel. The role of the County Defendants was simply to "keep the peace" during the enforcement action.

The Herreras filed their complaint on December 21, 2016. Following various legal challenges, the second amended complaint is the operative complaint. In that complaint, the Herreras seek damages against the County Defendants for violation of their civil rights during the execution of the inspection warrant.

On August 19, 2022, Appellants William Herrera and Mona Molina Herrera were served with Requests for Admission propounded by the County Defendants. The Requests addressed each of the elements in the claims alleged against County Defendants. There was no timely response to the Requests for Admission. In email communication dated December 13, 2022, Plaintiffs' counsel was reminded that the Admissions had been deemed admitted due to failure to timely respond and that, based on the failure to timely respond, *each of the Requests for Admission served on August 19, 2022 on William Robert Herrera and Mona Herrera were deemed admitted*. Counsel was reminded that no relief had been sought from the Admissions. There was no response to that correspondence. On January 26, 2023, correspondence was sent seeking to meet and confer with counsel for the Herreras on an intended motion for summary judgment based on the Requests which had been Deemed Admitted. There was no response.

On September 18, 2023, County Defendants filed their motion for summary judgment based on the Requests which had been deemed Admitted. On September

23, 2023, the Herreras applied *ex parte* to continue the hearing date on the motion of the County Defendants along with a motion for summary judgment brought by the City Defendants. The Court granted the request and set hearing on the motions for November 20, 2023. Following a motion for reconsideration by the City Defendants, the Court scheduled the hearing date for October 30, 2023 and ordered that the Herreras file their oppositions no later than October 20, 2023. The Herreras did not file any opposition to the motion for summary judgment of the County Defendants.

On October 22, 2023, the Herreras filed an *ex parte* application to withdraw the Admissions. No opposition was filed by the Herreras to the County Defendants' motion for summary judgment.

On January 10, 2024, the District Court issued its Order, granting the motion for summary judgment of the County Defendants.

### III. **SUMMARY OF ARGUMENT**

The Judgment of the District Court in favor of the County Defendants following granting of the County Defendants' Motion for Summary Judgment should be affirmed. It is undisputed that the Herreras failed to respond, at all, to Requests for Admission served on behalf of the County Defendants. Those Requests addressed each claim for relief alleged by the Herreras against the County Defendants in their Second Amended Complaint. By their Admissions, the Herreras admitted that no one from the Los Angeles County Sheriff's Department violated their civil rights.

Further, it is undisputed that the Herreras did not timely raise any purported procedural deficiency in the requests. The Herreras did not raise any objection to the purported deficiency in service of the requests until filing an *ex parte* application seeking relief from the Admissions, fourteen months after the Requests for Admission were served and five weeks after the motion for summary judgment

based on those Admissions was filed. As such, any objection as to deficiency of the responses was waived. Notably, the Herreras do not appeal the denial of their *ex parte* application to withdraw the Admissions.

Further, even if it had been timely raised, the Herreras' argument would still fail as it is clear on the face of the requests that they were general and applied to all County Defendants.

It is undisputed that the Herreras failed to respond to the requests for admission. It is further undisputed that the Herreras did not oppose the motion for summary judgment of the County Defendants based on those Admissions. Rather than oppose the motion for summary judgment, the Herreras sought *ex parte* relief to have the admissions withdrawn, which was denied, and which the Herreras do not appeal herein.

By their admissions, the Herreras admit that no one from the Los Angeles County Sheriff's Department violated their civil rights. Accordingly, there remained no triable issue of fact, and the County Defendants were properly granted summary judgment. The Judgment of the District Court in favor of the County Defendants should be affirmed.

## IV. ARGUMENT

To prevail on a § 1983 claim, a plaintiff must show (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). In bringing their § 1983 claim against County Defendants, the Herreras alleged violations of their First, Fourth, Fifth, and Fourteenth Amendment rights.

Based on these allegations, Requests for Admission were served on the Herreras seeking admissions that no one from the Los Angeles County Sheriff's

Department (County Defendants) violated their civil rights under the First, Fourth, Fifth, and Fourteenth Amendments.

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. Rules Civ.Proc. Rule 36.

The Herreras failed to timely respond to the Requests for Admission.

### A. THE DISTRICT COURT PROPERLY GRANTED COUNTY DEFENDANTS' MOTION AND THE JUDGMENT SHOULD BE AFFIRMED

#### 1. There was No Timely Response to the Requests

On August 22, 2022, the Herreras were served with Requests for Admission. The requests were specifically tailored to each of the claims alleged by the Herreras against the County Defendants. In those Requests, the Herreras were asked to Admit the following:

1. The face of the Inspection Warrant authorized the inspection of all portions of the premises identified in the Second Amended Complaint.);

2. That no one from the Los Angeles County Sheriff's Department ("LASD") entered Plaintiffs' personal residence on November 17, 2016;

3. That no one from the LASD held Plaintiffs at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint;

4. That no one from the LASD held Plaintiff, Noelani Herrera, at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint;

5. That no one from the LASD held Plaintiff, William Ryan Herrera, at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint;

6. That no one from the LASD attempted to "bust open a personal safe in the residence" as alleged in Paragraph 24 of the Second Amended Complaint;

7. That Mona Herrera was not refused entry to her personal residence by anyone from the LASD as alleged in Paragraph 26 of the Second Amended Complaint;

8. That no one from the LASD inspected the motel registry as alleged in Paragraph 28 of the Second Amended Complaint;

9. That the Inspection Warrant was signed by a magistrate;

10. That no County of Los Angeles personnel were present at the motel on December 13, 2016, when the Notice and Oder to Repair and Abate were posted, as alleged in Paragraph 34 of the Second Amended Complaint;

11. That Deputy Sheriff Waldron did not close the motel on December 15, 2016 as alleged in Paragraph 37 of the Second Amended Complaint;

12. That no one from the LASD contacted executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 51 of the Second Amended Complaint;

13. That no one from the LASD contacted executives at Motel 6 about the intended closure of the motel, the inspection of the motel, or to facilitate the closure of the motel as alleged in Paragraph 54 of the Second Amended Complaint;

14. That no one from the LASD came onto motel property after Plaintiffs took possession of the motel and demanded to inspect the motel registration records;

15. That no one from the LASD refused to assist and respond to Plaintiffs' calls for service;

16. That no one from the LASD stated to Plaintiffs that they were not going to help after Plaintiffs called for service;

17. That no one from the LASD patrolled the common area of the motel daily as alleged in Paragraph 62 of the Second Amended Complaint;

18. That no one from the LASD blocked the ingress and egress of motel tenants and other individuals on a daily basis as alleged in Paragraph 62 of the Second Amended Complaint;

19. That criminal drug activities occurred at the motel property in 2016 for which there were arrests;

20. That prostitution activity occurred at the motel property in 2016 for which there were arrests;

21. That there were not 30 Los Angeles County Sheriffs present at the motel at the time of the inspection as alleged in Paragraph 81 of the Second Amended Complaint;

22. That the Los Angeles County Sheriff Swat Team was not present at the motel assisting in and conducting the inspection as alleged in Paragraph 81 of the Second Amended Complaint;

23. That no one from the LASD entered rooms "where the occupants were and tore apart bedding, switch plates, and knocked holes in the walls of the vacant rooms" as alleged in Paragraph 82 of the Second Amended Complaint;

24. That Deputy Sheriffs did not tell motel guests and tenants that they would return to the motel to close it as alleged in Paragraph 84 of the Second Amended Complaint;

25. That no one from the LASD violated Plaintiffs' right of access under the Petition for Grievances Clause of the First Amendment;

26. That no one from the LASD violated Plaintiffs' rights of association under the Petition for Grievances Clause of the First Amendment;

27. That no one from the LASD violated Plaintiffs' procedural due process rights;

28. That no one from the LASD violated Plaintiffs' substantive due process rights;

29. That no one from the LASD violated Plaintiffs' rights under the First Amendment;

30. That no one from the LASD violated Plaintiffs' rights under the Fourth Amendment;

31. That no one from the LASD violated Plaintiffs' rights under the Fifth Amendment;

32. That no one from the LASD violated Plaintiffs' rights under the Fourteenth Amendment;

33. That Plaintiffs were not injured by any conduct of the LASD.

The Herreras did not object or provide any response to these Requests for Admission.

The District Court considered the lack of any response and properly found that the failure to object or respond resulted in the automatic establishment of a material fact: that none of the County Defendants violated the Herreras' constitutional rights. *See* Fed. R. Civ. P. 36(a); *see also Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 837 (9th Cir. 2021) ("Rule 36

makes plain that the admitted fact is no longer subject to dispute."); *Warren v. Cybulski*, 556 B.R. 429, 435 (N.D. Cal. 2016) ("Rule 36 is harsh in its consequences to the dilatory litigant. Failure to respond within the thirty-day timeframe automatically results in a material fact being deemed admitted and, in some cases, may subject the adverse party to a grant of summary judgment."); *O'Campo v. Hardisty*, 262 F.2d 621, 624–25 (9th Cir. 1958) affirming summary judgment on the basis of governmental immunity because, by failing to respond to request for admissions, the plaintiff admitted that "at all times the [defendants] were acting solely under color of their offices"). Once the matter is deemed admitted, "even by default, the court may not consider evidence that is inconsistent with the admission." *Am. Gen. Life and Accident Ins. Co. v. Findley*, 2013 WL 1120662, at *3 (C.D.Cal. March 15, 2013) (citing *999 v. C.I.T. Corp.,* 776 F.2d 866, 869–70 (9th Cir.1985) ("Evidence with a Rule 36 admission is properly excluded").

In *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.2007), Conlon, a federal parolee, filed a claim under the Federal Tort Claims Act (FTCA), alleging negligence in the issuance of a parole violation warrant that led to his wrongful arrest and imprisonment. During discovery, the government served Requests for Admission on Conlon, explicitly stating that failure to respond within 30 days would result in the matters being deemed admitted under Federal Rule of Civil Procedure 36(a). Conlon failed to respond within the deadline, and the government subsequently relied on these admissions to seek summary judgment.

Conlon later moved to withdraw the admissions under Rule 36(b), arguing that his failure to respond was due to being out of contact with his attorney. The district court denied his motion and granted summary judgment in favor of the government, finding that withdrawal of the admissions would prejudice the government at that late stage.

The Ninth Circuit affirmed the district court's decision, holding that the district court properly found that the government would be prejudiced by the withdrawal of admissions, as it had relied on them throughout discovery and dispositive motion deadlines and that summary judgment was properly granted because unanswered requests for admissions can serve as a valid basis for judgment under Rule 36(a).

The Herreras were served with Requests for Admissions addressing each of the facts supporting their claims for relief against the County Defendants. There was no response to the Requests. That failure automatically resulted in those material facts being admitted and properly formed the basis for seeking summary judgment.

The Herreras did not respond to the Requests for Admissions and did not oppose the motion for summary judgment based on those Admissions. Rather, a week before hearing on the motion for summary judgment, the Herreras filed an *ex parte* application for relief from the Admissions. That ex parte was denied based on the failure to show good cause for the relief. The Herreras do not appeal the denial of that *ex parte*.

There was no response to the Requests and no relief from the Admissions. The District Court's granting of the motion for summary judgment of the County Defendants based on unanswered requests for admissions was proper. The Judgment in favor of the County Defendants should be affirmed.

## 2. Service of the Requests was Proper on Behalf of County Defendants

Much of Herreras' argument in seeking reversal of the Judgment as to the County Defendants is based on their belated attempt to obtain withdrawal of the Admissions on the basis that the Requests were propounded on behalf of the County, rather than the Individual County Defendants. However, as set forth

above, there was no objection made by the Herreras to the Requests for Admission and specifically no objection that the Requests were being served on behalf of a dismissed party.

The District Court noted this argument, which was raised for the first time in the application for *ex parte* relief from the admissions filed on October 22, 2023, one week prior to the hearing on the motion for summary judgment, regarding requests had been served on August 19, 2022, fourteen months earlier.

The District Court properly found the argument unavailing, holding that as a procedural matter, arguments not raised in an opposition or timely objection are deemed waived. *See Pacific Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) ("[T]he plaintiffs did not raise that argument to the district court in their motion for summary judgment or opposition to the defendants' motion for summary judgment, so the argument was waived."); *Bingham v. Marriott Int'l, Inc.*, No. CV 21-00836-JLS (JDEx), 2022 WL 886116, at *3 (C.D. Cal. Feb. 17, 2022). ("Generally, a party who fails to make timely objections to a discovery request waives those objections."). See also *Gee v. Gallardo*, 2020 WL 2083018, at *2 (C.D. Cal. Mar. 5, 2020) ("Generally, when a party fails to timely and properly object to a discovery request, such objections are waived." (quoting *In re Capital One Bank Credit Card Interest Rate Litig.*, 286 F.R.D. 676, 679 (N.D. Ga. 2012)). Thus, objections not raised in a written response to discovery may not be raised for the first time in a discovery motion. *See SkyHawke Techs., LLC v. Deca Int'l Corp.*, 2019 WL 1976473, at *2 n.2 (C.D. Cal. Mar. 21, 2019) (stating that "any objections not previously raised" to a party's request to produce documents "have now been waived" (emphasis omitted) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 669-70 (C.D. Cal. 1998)).

The Herreras did not raise the issue of the Requests having been served on behalf of the County instead of the County Defendants until their application for *ex parte* relief fourteen months after the requests were served. Further, even though the objections would have been untimely, the Herreras did not file opposition to the motion for summary judgment raising that issue. It was not raised until the application for *ex parte* relief from the admissions, fourteen months after service of the requests. The Herreras do not appeal the denial of the *ex parte* application.

The District Court further addressed the issue, by finding that even if the Herreras had timely raised the argument, it would still fail. The District Court found it clear to the Court that the Requests were propounded by the County on behalf of the individual County Defendants, evidenced that the requests were general and applied to and referenced all County Defendants. The Court also noted that the attorneys who prepared and served the Requests represent both the County and the individual County Defendants. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1112525, at *4 (D. Kan. Apr. 11, 2007) (finding that "subpoenas issued by United were issued on behalf of all Defendants and as such are still viable notwithstanding the fact that United has now been dismissed as a party in the case" because discovery was undertaken as "a joint effort").

The District Court properly found that the Herreras did not timely object to the Requests being propounded by the County, rather than the County Defendants. The Judgment of the District Court granting the County Defendants' summary judgment should be affirmed.

## V. CONCLUSION

The District Court properly granted summary judgment to the County Defendants. The County Defendant Appellees, Deputy Charles Dana, Deputy Brandon Jacobs, Deputy Gustavo Munoz, Deputy Richard Leon, Deputy Frank

Arciodiancono, Deputy John Gallagher, Deputy Scott Sorrow, Deputy Deshaun Miles, Deputy Steve Diaz and Deputy Wyatt Waldron respectfully request that this Court affirm the District Court's July 18, 2024 Judgment in favor of County Defendant Appellees and against the Herrera Appellants.

          Respectfully submitted,

Dated: March 4, 2025     SEKI, NISHIMURA & WATASE, PLC


          By: */s/ Janet L. Keuper*
            JANET L. KEUPER
          Attorney for Defendants and Appellees, Deputy Charles Dana, Deputy Brandon Jacobs, Deputy Gustavo Munoz, Deputy Richard Leon, Deputy Frank Arciodiancono, Deputy John Gallagher, Deputy Scott Sorrow, Deputy Deshaun Miles, Deputy Steve Diaz and Deputy Wyatt Waldron

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, the undersigned, counsel of record for County Defendants-Appellees, certifies there is a related case pending in this Court entitled <u>Priscilla Huerta et al. v. City of Palmdale et al.</u>, Case No. 2:18-cv-10354-MWF. Ninth Circuit Docket No. 24-5131.

Dated: March 4, 2025        SEKI, NISHIMURA & WATASE, PLC

By: <u>/s/ Janet L. Keuper</u>
     JANET L. KEUPER
Attorney for Defendants and Appellees, Deputy Charles Dana, Deputy Brandon Jacobs, Deputy Gustavo Munoz, Deputy Richard Leon, Deputy Frank Arciodiancono, Deputy John Gallagher, Deputy Scott Sorrow, Deputy Deshaun Miles, Deputy Steve Diaz and Deputy Wyatt Waldron

## **CERTIFICATION OF COMPLIANCE**

I, Janet L. Keuper, certify that this brief is prepared in Times New Roman font, 14-point, and contains 3,619 words, excluding its tables. In making this certification, I am relying on the word count function of Microsoft Word, the program used to prepare this brief.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed at Los Angeles, California on March 4, 2025.

By: */s/ Janet L. Keuper*
      JANET L. KEUPER